IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VALERIE EDITH ROSENTHAL and JEFFREY ROSENTHAL, | : | |
| Plaintiffs, | : : : | |
| v. | : | C.A. No. 12-623-LPS |
| CHRISTIANA BANK & TRUST COMPANY, as the TRUSTEE of the VALERIE ROSENTHAL IRREVOCABLE LIFE INSURANCE TRUSTEE 2008 DATED 18TH DAY OF JULY 2008, CEDRIC STROTHER, LINDA HEIBERGER, DEBORAH L. LUTES, CHERYL L. FRIEDRICH, NATIONAL PENN BANCSHARES, INC., WSFS FINANCIAL CORPORATION, WILMINGTON SAVINGS FUND SOCIETY, FSB, WESLEY WILLIAM ROBINSON, WRFG FINANCIAL, LLC, WRFG HOLDINGS, INC., WRFG CAPITAL (USA), LLC, ABC CORP., and XYZ LLC, | : : : : : : : : : : : : | |
| Defendants. | : | |

## MEMORANDUM ORDER

Before the Court is Plaintiffs' Motion for Leave to serve Defendants Wesley William Robinson, WRFG Financial, LLC, WRFG Holdings, Inc., and WRFG Capital (USA) (collectively, the "WRFG Defendants") via email (D.I. 29), as well as Plaintiffs' Motion for Extended Time to serve the WRFG Defendants (D.I. 35).

Service of process via email has been authorized by federal courts, pursuant to Fed. R. Civ. P. 4(f), when the circumstances indicate that traditional methods are inadequate and that service via email would comport with Due Process. *See In re Heckmann Corp. Sec. Litig.*, 2011

1

WL 5855333, at *3–5 (D. Del. Nov. 22, 2011) ("[S]ince service on [the defendant] via email is reasonably calculated to reach him, it is not inconsistent with due process, and is an acceptable means of service."); *see also Rio Prop. Inc. v. Rio Int'l Interlink*, 284 F. 3d 1007, 1016–17 (9th Cir. 2002) (holding that service via email was acceptable as it was reasonably calculated, under the circumstances, to apprise defendant of pendency of action and afford defendant opportunity to respond); *MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd*, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (authorizing service via email where plaintiff showed strong likelihood that defendant would receive and respond to email); *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service via email where plaintiff showed that defendant conducted business through internet web pages and emailed with customers).

Plaintiffs' brief shows that Plaintiffs made a good faith effort to serve the WRFG Defendants at two different locations. (D.I. 29) Plaintiffs' brief also shows that the WRFG Defendants may be reached via email. (*See id.* Ex. E) Serving the WRFG Defendants via email will provide Defendants the opportunity to object and respond to the litigation, providing them Due Process. *See In re Heckmann*, 2011 WL 5855333, at *4.

Federal Rule of Civil Procedure 4(m) provides that "if the plaintiff shows good cause for the failure [to serve a defendant within 120 days after the complaint is filed], the court must extend the time for service for an appropriate period." The same reasons that have led the Court to conclude that service via email is appropriate also satisfy the Court that there is good cause to extend the time for service for an appropriate period.

2

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to serve the WRFG Defendants via email (D.I. 29) is **GRANTED**.

2. Plaintiffs' motion for extended time to serve the WRFG Defendants (D.I. 35) is **GRANTED**. Plaintiffs must serve the WRFG Defendants **no later than October 31, 2012**.

September 24, 2012

_____
UNITED STATES DISTRICT JUDGE